UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRELLE MOTRAY HENDERSON,
JR.,

                  Plaintiff,                    Case No. 1:25-cv-840

                                              Honorable Phillip J. Green
v.

COUNTY OF KENT, et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID.6.)

Plaintiff has filed a motion for leave to proceed *in forma pauperis*.  (ECF No. 2.)  However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g., Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c).  That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).  Because the named defendant has not yet been served, the undersigned concludes that the defendant is not presently a party whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action.  Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas

## Discussion

The PLRA Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is

express and unequivocal.  The statute does allow an exception for a prisoner who is

"under imminent danger of serious physical injury."  The Sixth Circuit has upheld

the constitutionality of the three-strikes rule against arguments that it violates equal

protection, the right of access to the courts, and due process, and that it constitutes a

bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–

06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, the federal courts have entered

dismissals on the grounds that the cases were frivolous, malicious, and/or failed to

state a claim.  *See Henderson v. County of Kent et al.*, No. 1:24-cv-1028 (W.D. Mich.

Nov. 4, 2024); *Henderson v. County of Kent et al.*, No. 1:24-cv-1026 (W.D. Mich. Oct.

22, 2024); *Henderson et al. v. Conrad et al.*, No. 3:20-cv-286 (W.D. Ky. Dec. 14, 2020).

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the

three-strikes rule in *Henderson v. County of Kent et al.*, No. 1:25-cv-235 (W.D. Mich.

Mar. 10, 2025).

Moreover, Plaintiff's allegations do not fall within the "imminent danger"

exception to the three-strikes rule. 28 U.S.C. § 1915(g).  The Sixth Circuit set forth

the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the
> threat or prison condition must be real and proximate and the danger of
> serious physical injury must exist at the time the complaint is filed."
> *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal
> quotation marks omitted). "Thus a prisoner's assertion that he or she
> faced danger in the past is insufficient to invoke the exception." *Id*. at

797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints.  *Id.*  Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

Plaintiff is currently incarcerated at the at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan.  He sues Kent County itself, as well as Kent County Sheriff Michelle LaJoye-Young.

Plaintiff alleges that on May 19, 2025, Defendant LaJoye-Young implemented a new policy regarding incoming legal mail that allowed deputies to scan and photocopy inmates' legal mail and to provide access digitally on a K.C.C.F. tablet or kiosk.  (Compl., ECF No. 1, PageID.5.)  The original legal mail was to be placed inside

of inmates' property bags where inmates could access it once released from custody. (*Id.*)  Plaintiff filed a kite seeking an exception and spoke to Sergeant Goodson, who told Plaintiff that he would not be granted an exception.  (*Id.*)  Plaintiff was taken to segregation two days later.  (*Id.*)

On June 13, 2025, staff refused to give Plaintiff "four postages of mail" because he did not want his legal mail copied.  (*Id.*)  On June 23, 2025, Plaintiff was released from segregation, and the policy was changed to allow inmates to obtain a paper copy upon request.  (*Id.*)  Plaintiff states that allowing staff to read his legal mail places him in imminent danger of continuous retaliation.  (*Id.*)  Plaintiff seeks damages, as well as declaratory and injunctive relief.  (*Id.*, PageID.6.)

The Court notes that allegations of imminent danger must be sufficient to allow a court to draw reasonable inferences that the danger exists.  *Vandiver*, 727 F.3d at 585.  As noted above, allegations that are conclusory are insufficient for purposes of the imminent-danger exception.  *Id.*  The Court concludes that Plaintiff's conclusory and speculative assertion that the legal mail policy places him at risk of unspecified retaliation fails to support a finding that he was in imminent danger at the time he filed this lawsuit.

Accordingly, for the foregoing reasons, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g).  Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.  The Court will therefore dismiss this action without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss

the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").  Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*.  The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:  __August 25, 2025__              __/s/ Phillip J. Green__
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.